**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

FILED
2008 Oct 31 PM 03:51
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-33368 |
| | ) | |
| Ralph W. Allen and | ) | Chapter 7 |
| Peggy L. Allen, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING MOTIONS TO AVOID JUDICIAL LIENS

This case is before the court on three motions filed by Debtors to avoid judicial liens under 11 U.S.C. § 522(f) as impairing their homestead exemption rights. [Doc. ## 19, 21, & 23]. They seek to avoid two judicial liens held by Farmers & Merchants State Bank ("F & M") in the amounts of $856,843.12 and $210,707.83 that were recorded on December 13, 2007, and one judicial lien held by Citizens National Bank, NA, ("Citizens") in the approximate amount of $210,000 that was recorded after F & M's liens. The court held a hearing on the motions at which Debtors, Debtors' counsel and counsel for F & M and counsel for Citizens attended in person. Because the motions raise the same issues, the parties agreed that the court should hear the motions at the same time and create one record. The parties then had the opportunity to offer testimony and evidence in support of their positions. At the conclusion of the hearing, the parties requested that the court only decide one issue at this time, that is, the value of the residential real estate located in Fulton County, Ohio, that is the subject of the liens in this case.

Section 522(f) of the Bankruptcy Code provides in relevant part as follows:

(1) Notwithstanding any waiver of exemptions, . . . the debtor may avoid the fixing of a lien

> on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
> (A) a judicial lien . . . .

11 U.S.C. § 522(f)(1). A lien is considered to impair an exemption to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2). Thus, the value of Debtors' residential real estate is critical to the calculation required to determine the extent of any impairment of Debtors' homestead exemption. The appropriate time for determining the value of property subject to a lien that a debtor seeks to avoid is the date on which the petition was filed. *In re Oglesby*, 333 B.R. 788, 792 (Bankr. S.D. Ohio 2005) (citing *In re Hall,* 327 B.R. 424, 427-28 (Bankr.W.D. Mo. 2005). As the parties seeking to avoid the liens, Debtors bear the burden of proof by a preponderance of the evidence. *See In re Lee*, 249 B.R. 864, 867 (Bankr. N.D. Ohio 2000).

In this case, Debtors offer the testimony of Keith Whitman, a licensed real estate salesman and auctioneer. Although not licensed to do appraisals for loan purposes, his work and extensive experience involves appraising commercial as well as residential real estate for sales and auction purposes. Whitman appraised Debtors' residential real property at $135,000 on September 15, 2008. His appraisal is based on his actual touring of the property and neighborhood, sales of comparable homes during the prior six-month period, the Fulton County Auditor's valuation of the property at $138,700 obtained by him online, and current market conditions. Whitman testified that over the past year, sale prices of houses in the area fell a minimum of ten to twenty percent.

F & M argues that the property is more accurately valued at approximately $160,000. In support, it offers the Uniform Residential Appraisal Report completed on October 16, 2007, in connection with Debtors' loan application at Fifth Third Bank. In the report, Debtors' home is valued at $160,000. [Creditor's Ex. B]. Although Whitman questioned whether that appraisal includes a pole barn and implement shed that are adjacent to but not part of Debtors' property, nothing in the report itself so indicates. F & M also offers Allen's testimony that Debtors used a portion of the Fifth Third loan proceeds for home improvements and it, therefore, argues that the value of their home has increased since the October 2007 valuation. According to Allen, Debtors used "possibly" $10,000 to purchase a propane tank used to heat their home and to complete some other home improvements. Finally, F & M offers the Fulton County property record card for Debtors' real property. The property record card shows a total value of $161,200. [Creditors' Ex. C]. However, this valuation does include the pole barn and implement shed, which,

2

according to both Whitman and Debtor Ralph Allen, are not located on Debtors' real property.

The court gives little weight to the property valuations obtained from the Fulton County Auditor's office. The total property value set forth on the property record card and the value obtained by Whitman online are not consistent, and there is no indication as to when those valuations were completed or why they are different. Also the property record card includes amounts attributed to improvements that are not on Debtors' property. Although it is not entirely clear, the stated value of the improvements listed on the property record card appear to be an assessed rather than full value. Therefore, the court cannot simply subtract those amounts from the total property value to obtain a valuation that more accurately reflects the value of Debtors' property. The court also places little weight on the fact that Debtors spent money on a propane tank and home improvements since there is no evidence that those improvements resulted in or are of a type that would tend to result in a dollar for dollar increase in value of the property.

The court credits Whitman's testimony and finds that Debtors' property more likely than not had a value of $135,000 in September 2008. F & M does not dispute that the value of houses in Fulton County, as reflected by home sale prices, decreased between ten and twenty percent during the year before Whitman's appraisal. The $135,000 value is approximately 15.6% less than the $160,000 appraised value approximately eleven months earlier on October 16, 2007. Whitman's testimony is, therefore, consistent with the October 2007 appraisal of $160,000 upon which F & M relies.

However, Debtors filed their Chapter 7 petition on June 27, 2008, which, as explained above, is the date on which the court must determine the property value. *See In re Oglesby*, 333 B.R. at 792. The court finds it appropriate in this declining real estate market to prorate the decrease in the value of Debtors' home to determine the property value on the date they filed their petition. A 15.6 % decline in value over eleven months represents an average monthly decline of 1.42% [(1 - 135,000/160,000) ÷ 11]. Therefore, during the eight months between the October 2007 appraisal and the petition filing date, the value of Debtors' home decreased by approximately 11.4%, or $18,240, resulting in a value of $141,760 on the date Debtor's filed their petition [$160,000 - $18,240].

## **CONCLUSION**

The value of Debtors' residential real property for purposes of lien avoidance under 11 U.S.C. § 522(f) is $141,760.

Good cause appearing,

**IT IS ORDERED** that the parties submit an agreed order in accordance with the findings of fact and conclusions of law set forth above for entry by the court.